IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:10-cv-01181-RPM

MARANDA WORLEY,

    Plaintiff,

v.

GREAT-WEST LIFE AND ANNUITY INSURANCE COMPANY

    Defendant.

## STIPULATED PROTECTIVE ORDER

Under Federal Rule of Civil Procedure 26(c), IT IS ORDERED:

1.    This Stipulated Protective Order shall apply to all documents, materials and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, depositions and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34 and interpreting authority.  A draft or non-identical copy is a separate document within the meaning of this term.

3.    Confidential documents, materials and information (collectively, "Confidential Information") shall not be disclosed or used for any purpose except the preparation and trial of this case.  The duty to keep Confidential Information confidential survives the completion of this case.

4.	Information designated "Confidential" shall be information that concerns private financial, employment or medical information of Plaintiff Maranda Worley ("Plaintiff"); confidential business information about Defendant Great-West Life & Annuity Insurance Company or its affiliates, employees or agents (collectively, "Defendant"); trade secrets or other confidential research, marketing, development or commercial information of Defendant; or confidential information about Defendant's customers or clients, or their customers or clients. As a condition of designating documents for confidential treatment, the documents must be reviewed by a lawyer for one of the parties and a good faith determination must be made that the documents are entitled to protection.

5.	A party designating documents as Confidential Information may do so by marking such material with the legend "Confidential."

6.	Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is promptly given to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript.

7.	All Confidential Information designated "Confidential" may be reviewed only by the following persons:

    a.	attorneys actively working on this case;

    b.	persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said

                attorneys in the preparation of the case, at trial, or at other proceedings in this case;

       c.     the parties, including Plaintiff and Defendant and Defendant's officers, management, and any designated advisory witnesses who are directly assisting said parties in the preparation of this case;

       d.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

       e.     the Court, jurors and/or court staff in any proceeding herein;

       f.     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

       g.     deponents, witnesses or potential witnesses;  and

       h.     other persons by written agreement of the parties.

8.     In no event shall a person or entity that is a competitor (direct or indirect) of Defendant, or who may be involved in any charge or claim against the Defendant, be allowed to view or receive any information designated by Defendant as Confidential, absent Defendant's written consent or Order of the Court.

9.     Before the parties or their counsel may disclose any Confidential Information to any persons contemplated by paragraph 7 of this Stipulated Protective Order, such person shall be provided with a copy of the Stipulated Protective Order and shall be advised that he or she shall be bound by its provisions.   In the event any counsel of record determines that persons other than those provided for in Paragraph 7 above have a need to review any Confidential

Information, written authorization of the party who produced the Confidential Information must be obtained in advance of such disclosure. Should the party who produced the Confidential Information refuse such authorization, counsel may apply to the Court for authorization.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion within eleven days of the end of the above-described ten-day period requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed period, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

11. Any party must move the Court to file Confidential documents under seal under D.C.Colo.LCivR. 7.2. In the event a party seeks to disclose the content of any Confidential Information subject to this Stipulated Protective Order in any pleading, motion, deposition,

transcript, exhibit or other document, the party shall be obligated to submit such pleading, motion, deposition, transcript, exhibit or other document under seal in an envelope on which shall be endorsed the caption of this action, any other information required by D.C.Colo.LCivR. 7.2, and a statement substantially in the following form:

> "The following is confidential:  These documents are subject to a Protective Order in the case of Worley v. Great-West Life & Annuity Insurance Co., Civil Action No. 10-cv-1181-RPM, and are to be reviewed only by a Judge or Magistrate Judge of this Court or their law clerks, or counsel for the parties in this litigation."

12. The duty to keep confidential any information or documents designated as confidential survives the completion of this case.  At the conclusion of this case, the trial of this case, or any subsequent appeal, the Confidential Information provided by any party (including all copies thereof provided to any Authorized Person) shall be destroyed or preserved by counsel in a manner that is fully consistent with the terms of this Protective Order.  At the end of the litigation (including any appeals), counsel will not be required to return the material.

The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

DATED:  December 23rd, 2010

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, United States District Judge

-6-

So Stipulated:

| | |
|---|---|
| s/ Karen Larson | s/Christina Gomez |
| Karen Larson | Christina Gomez, No. 36026 |
| 900 Logan Street | John Husband, P.C., No. 8725 |
| Denver, CO 80203 | HOLLAND AND HART LLP |
| Telephone: (303) 831-4404 | 555 17th Street, Suite 3200 |
| FAX: 303-261-8109 | Denver, CO 80202 |
| Email: kvirginia@aol.com | Telephone: 303-295-8366 |
| | FAX: 303-713-6304 |
| *Attorney for Plaintiff* | E-mail: cgomez@hollandhart.com |
| | jhusband@hollandhart.com |
| | |
| | Robert M. Little, No. 20891 |
| | GREAT-WEST LIFE & ANNUITY INSURANCE CO. |
| | 8515 East Orchard Road |
| | Englewood, CO 80111 |
| | Telephone:  303-737-5089 |
| | Facsimile:  303-737-3827 |
| | Email:  bob.little@gwl.com |
| | |
| | *Attorneys for Defendant* |

4932288_1.DOC